K. 1

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

Wade Lay,

   PLAINTIFF,

vs.

AMERICAN CIVIL LIBERTIES
UNION (ACLU), OKLAHOMA
DEPT. OF CORRECTIONS (ODOC),
SCOTT CROW (DIR. O.D.O.C.),
MR. FARRIS (WARDEN-O.S.P.),
MISS GREEN (DEP. WARDEN-
O.S.P.), MR. KIRBY (H-UNIT
MGR. - O.S.P.), OFFICER HOOD,
OFFICER DEBINDER, LT.
DIXON, OKLA. INSP. GEN.
O.D.O.C.

CASE NO.

CIV-21-605-PRW

FILED
JUN 11 2021
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

42 USC § 1983 CIVIL RIGHTS ACTION

WADE GREELY LAY #561263
OKLAHOMA STATE PENITENTIARY
P.O. BOX 97
MCALESTER, OKLA. 74502

DATE: 06/09/2021
pro-se

PC-1

JURISDICTION:

1. **42 USC § 1983** - This statute passed in 1871 by Congress provides to this court the authority to ascertain state action that violates the principles of due process of law, and the equal protection of the laws. These ideals were embraced by the people of the United States and engrafted into the Constitution through the 14th Amendment, ratified just a few years prior to this law. (14th Amendment ratified July 9, 1868).

2. **28 USC § 2244(d)(1)(B)** - The Congress of the United States anticipates the interference, or "impediment to filing an application created by state action in violation of the Constitution or laws of the United States", by a correctional institution.

3. **28 USC § 2254(b)(1)(B)(ii)** - In the same statute, the Anti-Terrorism and Effective Death Penalty Act (AEDPA), as the impediment clause, Congress provides to the courts the ability to ascertain a series of events as being a contrived set of "circumstances [that may] exist that render such [application for a writ of habeas corpus] process ineffective to protect the rights of the applicant."

4. **75 O.S. 256, Administrative Procedures Act** - This state law allows for a reexamination of the power of discretion given to the Oklahoma Department of Corrections (O.D.O.C.), as it pertains to security determinations.

THIS IS THE FUNDAMENTAL ERROR LEADING TO THIS CASE, i.e., THE ABUSE OF PROCESS AND MALICIOUS PROCESS, WHERE OKLAHOMA STATE PENITENTIARY (O.S.P.) UTILIZES SUBORDINATE SECURITY OFFICERS TO CREATE A SET OF CIRCUMSTANCES, OUT OF WHICH A PRETENSE OF MISCONDUCT MAY BE PROCLAIMED, FOLLOWED BY A DENIAL OF DUE PROCESS, AND RESTRICTIONS ACCOMPANIED WITH BOTH DESTRUCTION OF AND CONFISCATION OF PROPERTY (BOTH PERSONAL AND LEGAL) DESTROYING A PRISONER'S ABILITY TO PROSECUTE A CIVIL RIGHTS ACTION, OR TO FILE A WRIT OF HABEAS CORPUS.

HOWEVER, THE OKLAHOMA STATE LEGISLATURE PROVIDES A REMEDY FOR SUCH A DILEMMA, FOUND IN **75 O.S. 250.2 (B) 1-6** — THE STATE LEGISLATURE RESERVES TO ITSELF: "THE RIGHT TO RETRACT ANY DELEGATION OF RULEMAKING AUTHORITY". THIS IS PRECISELY THE ACTION THAT MUST BE TAKEN IN ORDER TO PREVENT "IMMINENT HARM TO THE HEALTH, SAFETY OR WELFARE OF THE PUBLIC OR THE STATE OR IF THE LEGISLATURE DETERMINES THAT A RULE IS NOT CONSISTENT WITH LEGISLATIVE INTENT."

**42 USC § 1983**, AND THE **ADMINISTRATIVE PROCEDURES ACT** ARE IN AGREEMENT TOGETHER, ASSISTED BY THE **A.E.D.P.A.**

5. THE **EIGHTH AMENDMENT** ACTING IN AGREEMENT WITH THE **FOURTEENTH** PROTECTS THE PRISONER AS A CITIZEN OF THE UNITED STATES WITH CERTAIN FUNDAMENTAL RIGHTS,

HUMAN RIGHTS CONSIDERED ESSENTIAL TO A CIVILIZED SOCIETY, SUCH AS: ACCESS TO COURTS, AND DUE PROCESS OF LAW.

**PARTIES:**

i. **AMERICAN CIVIL LIBERTIES UNION OF OKLAHOMA (ACLU)**
P.O. BOX 1626, OKC, OKLAHOMA, 73101.
THE ACLU OF OKLAHOMA IS A PARTY HAVING RESIDENCE IN THE STATE OF OKLAHOMA. THE ORGINIZATION HAS NEGOTIATED TERMS WITH THE O.D.O.C. THAT HAS IN ESSENCE, RENDERED CONDITIONS TO BE FAR WORSE THAN WHEN THEY INTERVENED. THE ACLU ALL THROUGH ITS LETTER TO MR. SCOTT CROW (SEE EXHIBIT 1208-C) RECOGNIZES THE INHUMANE CONDITIONS AT O.S.P. H-UNIT, YET STILL FINALIZES AN AGREEMENT WHEREBY, POTENTIALLY, (360) THREE HUNDRED AND SIXTY HUMAN BEINGS COULD BE SUBJECT TO THAT EXISTING FATE, NOTWITHSTANDING THEIR SETTLEMENT. THE FACTS WILL SHOW, AS A RESULT OF THE ACLU" INTERPOSITION, H-UNIT HAS BECOME CONSIDERABLY WORSE FOR ALL THOSE CLASSIFIED BY THE O.S.P. AS JUSTIFIABLY LOCATED IN SEGREGATION OR DISCIPLINARY STATUS. HOWEVER, WHAT HAS BEEN NEGLECTED, IS THAT, O.S.P., AND THE O.D.O.C., FABRICATE INCIDENTS, PRODUCING CIRCUMSTANCES, THAT DECEPTIVELY QUALIFY A PRISONER TO BE CLASSIFIED OR HOUSED ON H-UNIT; AND THE ACLU. HAS KNOWINGLY ASSISTED IN THAT ABUSE. MOREOVER, THE A.C.L.U. HAS IGNORED OVER A DOZEN LETTERS WRITTEN TO THEM BY WADE LAY AND HIS FAMILY.

PARTIES -

2. OKLAHOMA DEPT. OF CORRECTIONS (O.D.O.C.)

3400 MARTIN LUTHER KING, JR. AVE., OKC, OKLA. 73111
THE O.D.O.C. HAS SHOWN ITSELF TO BE A GREAT VIOLATOR, NOT ONLY OF HUMAN RIGHTS, BUT OF THE PEOPLE'S TRUST AS WELL. THE ACLU IS ACCURATE WHEN IT STATES: "THE CONDITIONS WOULD HAVE A DETRIMENTAL EFFECT ON THE PHYSICAL AND MENTAL HEALTH OF THE PEOPLE IN THE UNIT." YET THIS IS IN DECEMBER OF 1991, WHEN THE O.D.O.C. WERE IMPLEMENT- THE PROTOCOLS AND OPERATIONS WHERE PRISONERS ENJOYED MOVEMENT TO YARD, SHOWER, VISITS (BOTH LEGAL AND PERSONAL), WITHOUT THE RESTRICTIVE "TWO SECURITY" OFFICER ESCORT THAT HAS TOTALLY PARALYZED THE MODE OF OPERATIONS. IN 1991, THROUGH UNTIL 2009, PRISONERS ENJOYED THE ACTIVITIES OF CHURCH THREE OR FOUR TIMES A WEEK, SIX INMATES ON YARD AT A TIME, PLAYING HANDBALL, OR BASKETBALL. WHAT HAS TRANSPIRED SINCE THE FINANCIAL CRISIS IS AN IRRESPONSIBLE MISREPRESENTA- TION OF THE SECURITY NEEDS THAT ARE NOT SUITABLE FOR THIS FACILITY. THE D.O.C. HAS CREATED A PARADIGM THAT SERVES NO PURPOSE OTHER THAN TO DEMAND GREATER APPR- OPRIATIONS, AT THE COST OF COMPROMISING SECURITY.

3. SCOTT CROW

MR. CROW IS A RESIDENT OF THE STATE OF OKLAHOMA, AND AS DIRECTOR OF THE O.D.O.C. MR. CROW BEARS RESPONS- IBILITY FOR THE OPERATIONS OF EACH FACILITY. MR. CROW HAS BEEN WELL INFORMED OF THE INFRACTIONS

3. **SCOTT CROW** -

PRESENT AT O.S.P. CONSTITUTING SERIOUS VIOLATIONS OF PRISONERS CIVIL RIGHTS. DEPRIVATIONS OF ACCESS TO COURTS; COMMUNICATIONS WITH ATTORNEYS AND FAMILY; DUE PROCESS; EQUAL PROTECTION OF THE LAWS; AND BASIC HUMAN NEEDS, SUCH AS SHOWERS AND EVEN FOOD TRAYS. MR. CROW THROUGH HIS COMMUNITY OUTREACH ASSISTANTS IGNORES THE ABUSE OF THE GRIEVANCE PROCESS AND REFUSES TO RESPOND WITH ACTION.

4. **MR. FARRIS (WARDEN AT O.S.P.)** -

(25) TWENTY FIVE REQUEST TO STAFF (R.T.S.) WERE SENT TO MR. FARRIS, MANY OF WHICH HAVE BEEN FILED AS EXHIBITS IN THIS COURT IN *Glossip V. Chandler*, CIV-14-665-F, SUCH AS DOC. NO. 408. (THAT IS THE PLEADING HELD BY O.S.P. FOR 16 DAYS, WHEREIN O.S.P. BLAMES THE POST OFFICE IN MACALESTER ERRONEOUSLY). MR. FARRIS REFUSES TO ANSWER A SINGLE R.T.S. CONCERNING THE MOST SERIOUS AND EGREGIOUS OFFENSES BY EVERY DEPARTMENT AT THE PRISON. MR. FARRIS ALLOWS HIS SUBORDINATE DEPT. HEADS TO EITHER ANSWER R.T.S. WITH INCOHERENT RESPONSES, MISAPPLIED RULES OF RESTRICTION, OR NO ANSWER AT ALL. THEN, WHEN THE FACILITY HEAD CHOOSES, SENDS SECURITY OFFICERS TO ASSAULT A PRISONER, LIE ABOUT THE CONTENT OF THE VIDEO, DENY DUE PROCESS, DENY A HEARING OR INTIMIDATE THE HEARING OFFICER, AND PUNISH THE VICTIM OF THE SYSTEMIC ABUSE.

5. **MISS GREEN (DEPUTY WARDEN AT O.S.P.)** -

IT IS MISS GREEN WHO HAS TAKEN THE FOREFRONT IN THIS ORDEAL.

5. MISS GREEN

AT EACH TURN, NUMBER ROBISON (CASE MGR.), AND MR. KIRBY (H-UNIT MGR.) STATE, THAT IT IS MISS GREEN WHO IS CALLING THE SHOTS, EVEN AT THE HEARING. MR. KIRBY CITES GREEN AS THE SOURCE OF HIS PREDETERMINED JUDGMENT. IT WAS ON SEPTEMBER 16, 2020 THAT GREEN EMPLOYS OFFICER LOWERY TO PROMPT INMATE RONSON BUSH, TO IN ESSENCE, FABRICATE A MISCONDUCT IN THE SAME MANNER AS OFFICERS HOOD AND DEBINDER WERE SPONSORED BY GREEN THE 8TH OF MAY, 2021. THIS IS A GENERAL PRACTICE AT O.S.P., AND MISS GREEN IS SIMPLY IN STEP WITH THE WILL OF THE O.D.O.C.. THIS IS WHY LT. DIXON DENIES THE PLAINTIFF A HEARING, BECAUSE O.D.O.C. POLICY REGULATIONS OP-060125 ALLOWS THE ACCUSED TO VIEW AND SUBSEQUENTLY CALL FORTH VIDEO SURVEILLANCE TO PROVE HIS INNOCENCE, AND COUNTER THE CLAIMS OF MALICIOUS OFFICERS LIKE OFFICERS HOOD AND DEBINDER. MISS GREEN IS THE CONDUCTOR OF THESE EVENTS.

6. MR. KIRBY (H-UNIT MGR. AT O.S.P.) -

IT IS MR. KIRBY WHO DOES THE MOST EGREGIOUS ACT. EVEN THOUGH BY HIS OWN ADMISSION, EVEN AS HEARING OFFICER, SOMEONE ELSE IS PULLING THE STRINGS; NONETHELESS, MR. KIRBY STATES: "THE WARDEN AND DEPUTY WARDEN WANT TO GIVE YOU 365 DAYS, BUT IF YOU PLEAD GUILTY I'LL GIVE YOU 90 DAYS. IT'S UP TO YOU, 365 OR 90. IF YOU WANT A HEARING, THAT'S YOUR CONSTITUTIONAL RIGHT, I'LL GIVE YOU 365 DAYS, OR YOU CAN TAKE THE 90."

THIS WAS THE FIRST THING OUT OF HIS MOUTH, WITHOUT THE TAPE

6. MR. KIRBY -

RECORDER TURNED ON, THE THREAT IS DECLARED. GUILT OR INNOCENSE WAS NEVER THE ISSUE BECAUSE MR. KIRBY, THE WARDEN, AND MISS GREEN ALL KNEW HOOD AND DEBINDER WERE SENT BY THEM. THAT IS WHY NO INVESTIGATION OR APPEAL WERE ALLOWED. THE STATEMENT BY KIRBY ABOUT THE CONSTITUTION IS A KICK IN THE TEETH, KNOWING WADE LAY ACTUALLY CARES ABOUT THE CONSTITUTION. THIS IS THE CRITICAL PORTION OF WADE LAY'S CLAIMS TO THIS COURT, THAT O.S.P. IS INCAPABLE OF A LAWFUL ADMINISTRATION. THIS SERIES OF EVENTS BRINGS TO LIGHT THE SYSTEMIC FAILURE THAT AFFECTS EVEN THE MOST SACRED PRINCIPLES OF A FREE SOCIETY, ie., DUE PROCESS AND ACCESS TO COURTS.

7. OFFICER HOOD -

THIS SECURITY OFFICER BEGAN HIS EMPLOYMENT WITH THE O.D.O.C. AT O.S.P. JUST 4 OR 5 MONTHS PRIOR TO THIS EVENT THAT OCCURRED MAY 8TH 2021. THE PLAINTIFF HAD NEVER SEEN OR HAD ANY ENCOUNTERS WITH HOOD, WHEN ON FEBRUARY 2ND 2021, HOOD BEGAN HIS ABUSIVE TREATMENT WHICH BECAME A WEEKLY PATTERN OF DEPRIVATIONS, THE PHONE, SHOWERS AND TRAYS. EVENTUALLY, AFTER LETTERS TO THE DIRECTOR MR. CROW, A VISIT FROM THE OKLA. INSPECTOR GENERAL, AND 25 REQUEST TO STAFF ON MULTIPLE SUBJECTS, THE H UNIT MGR. REMOVES HOOD FROM THE RUN DUE TO THE ABUSES TOWARDS WADE LAY. ON MAY 8TH, WHEN HOOD RETURNS,

7. OFFICER HOOD -

HE WAS NOT SUPPOSED TO BE ON SOUTHWEST QUAD, AS HE HAD ONLY BEEN REMOVED FOR A WEEK. OFFICER HOOD WAS ON THE S.W. QUAD THAT DAY TO FABRICATE A MIS-CONDUCT CHARGE, SENT BY ADMINISTRATIVE STAFF.* THE INCONSISTENCIES IN THE OFFENDER REPORTS REVEAL A DECEPTIVE NARRATIVE. O.S.P. UTILIZES SUBORDINATE SECURITY OFFICERS TO IMPLEMENT A WAR OF ATTRITION AGAINST PRISONERS SEEKING TO DEFEND THEIR RIGHTS.

8. OFFICER DEBINDER -

THIS OFFICER WITHOUT PROVOCATION ATTACKS THE PLAINTIFF WHILE HE IS IN THE MOST VULNERABLE POSITION IMAGINABLE. IN RESTRAINTS, WITH HANDCUFFS BEHIND HIS BACK, HANDS AND FOREARMS PROJECTING OUT OF THE SMALL BEAN-HOLE OPENING, SQUATED DOWN TO THE OPENING JUST 18 INCHES ABOVE THE FLOOR, OFFICER DEBINDER PULLS UP HARD ON WADE LAY'S RIGHT ARM FOR NO REASON. THE PLAINTIFF LOSES HIS BALANCE, AND DEBINDER PULLS UP HARDER AND FURTHER NEARLY BREAKING LAY'S ARM. THE PLAINTIFF BEING IN THIS SQUATED POSITION, AT 60 YEARS OLD HAVING TWO BAD KNEES, LOSES HIS BALANCE. O.S.P. CLAIMS THAT LAY CAUSES THE CONFLICT, NEEDLESSLY PULLING AWAY FROM THE OFFICER. VIDEO SHOWS THIS IS A LIE, DEB-INDER YANKS ON WADE LAY'S ARM, THEN THE PLAINTIFF FALLS ON HIS FACE, CAUSING THE MOVEMENT AWAY FROM THE VIOLENT ABUSE.

F.N.
*) IN THE MISCONDUCT REPORTS, OFF. HOOD GIVES TWO CONFLICTING REPORTS: FIRST, HE SAYS I "KICKED" THE TRAY; SECOND, HE SAYS I "THREW" THE TRAY,

PG. 9

9. LT. DIXON-

THE ABUSE BY THIS OFFICER IS EASY TO DETECT, AS HIM BEING PART OF A CONSPIRED EFFORT TO FABRICATE A CHARGE. LT. DIXON ON 05/10/21 REFUSES LAY AN INVESTIGATION, VIDEO SHOWS HE SIMPLY STICKS THE PAPERS IN LAY'S DOOR, PREFORMULATED, OR COMPOSED AHEAD OF TIME; THEN, ON 05/11/21, LT. DIXON FAILS TO SHOW UP FOR THE SCHEDULED HEARING. (AN INVESTIGATION WOULD HAVE ALLOWED WADE LAY TO VIEW VIDEO, AND CALL IT FORTH FOR EVIDENCE, AND WOULD POINT OUT THE GLARING DOUBLE ACCOUNT BY THE ACCUSING OFFICER) DUE PROCESS WAS DENIED BY LT. DIXON!

10. OKLA. INSPECTOR GENERAL- (OIG)

THIS OFFICE HAS A DUTY TO INVESTIGATE MALFEASANCE AT O.S.P. OR THE O.D.O.C., OR ANY FACILITY IN OKLAHOMA. RATHER THAN DOING WHAT IS THEIR COMMISSION, THE O.I.G. INSTRUCT THE PRISON ON HOW TO COVER THEIR TRACKS, TO HIDE THE MISCONDUCT OF PRISON OFFICIALS. PRISONERS THAT WADE LAY REPORTED TO THE O.I.G. WERE INVESTIGATED, THE CONTRABAND TAKEN IN APRIL, BUT NO PUNISHMENT FOLLOWED.* LT. DIXON SUSPENDS THEIR PUNISHMENTS. THE MISCONDUCTS WERE DESIGNED TO GIVE THE APPEARANCE OF LAWFUL OVERSIGHT, WHEN IN REALITY, IT WAS O.S.P. STAFF WHO ACCOMODATED THE POSSESSION OF THE ILLEGAL CONTRABAND.

F.N.
*) SEE REPORT FROM ZACHORY IQBAL O.I.G. INVESTIGATOR.

## NATURE OF THE CASE

Oklahoma State Penitentiary, with the support of the Oklahoma Department of Corrections, employs subordinate security officers to fabricate misconduct charges towards a prisoner simply because the inmate is seeking the protection of law, in the face of abuse from prison staff. Subsequent to this O.S.P. administrative staff, deny due process, implement abuse of process, and punish the prisoner whom is actually not guilty of any offense.

One quick example is exemplified in the offense reports of the most recent misconduct charges of May 08, 2021, against Wade Lay. Officer Hood reveals his deceitful manner. A glaring flaw stands out in the offense reports, of which the investigator (Lt. Dixon) is obligated to address and apply to judgment.

In one place Officer Hood claims the plaintiff "kicked" the food tray, in another place, Officer Hood claims Wade Lay "threw" the tray at him, a clear embellishment of the initial lie.* Therefore, an officer that was removed from the Southwest Quad due to his continued abuse towards the plaintiff, is accepted as a witness, even when the allegation is inconsistent and video surveillance confirms the fictional narrative to be false.

Lt. Dixon, who has also lied, failing to provide due process, as disciplinary coordinator should

F.10.
*) SEE EXH. 1208-B.1 & 2

Pg. 11

NATURE OF THE CASE -

HAVE TAKEN THE INCONSISTENCIES INTO CONSIDERATION, BUT TO THE CONTRARY, REFUSED TO SHOW UP FOR THE SCHEDULED HEARING, AND FAILED TO PROVIDE INVESTIGATION.

THE FACTS SHOW, THAT O.S.P. ADMINISTRATORS EMPLOY THEIR SUBORDINATE STAFF TO FABRICATE CHARGES TOWARDS PRISONERS WHOM ATTEMPT TO APPROACH COURTS TO DEFEND THEIR RIGHTS.

CAUSE OF ACTION:

O.S.P. IS DOING WHAT OPPRESSIVE GOVERNMENTS HAVE DONE SINCE THE DAWN OF TIME. PRISON OFFICIALS USE FABRICATED MISCONDUCT CHARGES TO SUPRESS THEIR ADVERSARIES, IN THIS CASE, A PRISONER'S RIGHT TO ACCESS COURTS TO EXPRESS THE ACTUAL CIRCUMSTANCES CAUSING THE IMPEDIMENT, TO ONE: PARTICIPATE IN THE LETHAL INJECTION CASE Glossip V. Chandler, CIV-14-665-F; AND SECOND: TO PREVENT THE PLAINTIFF FROM RECEIVING A NEW TRIAL IN HIS POST CONVICTION APPEAL Wade Lay V. The State of Oklahoma MA-2021-497.

ON MAY 08, 2021, O.S.P. CARRYS OUT A SCHEME THAT HAS BEEN PRACTICED AGAINST WADE LAY AT LEAST (9) NINE TIMES IN THE LAST SEVEN YEARS. ADMINISTRATIVE STAFF EMPLOY SUBORDINATE SECURITY OFFICERS TO CAUSE A SET OF CIRCUMSTANCES WHEREIN O.S.P. CAN

PG. 13

CLAIM THROUGH PRETENCE A FABRICATED CHARGE.

IF THE COURT WILL LOOK AT TWO SIMPLE TYPES OF DOCUMENTS. FIRST, THE OFFENSE AND DISCIPLINARY FORMS (SEE EXHIBIT 1208-B.1&2); SECOND, THE GRIEVANCE FORMS WITH THEIR ACCOMPANIED REQUEST TO STAFF. (SEE EXHIBIT 1208-A). IN THE FIRST, OFFICER HOOD, THE ACCUSER IN THIS MISCONDUCT CHARGE, CLAIMS INITIALLY THAT THE PLAINTIFF "KICKS" THE FOOD TRAY OUT OF THE BEAN-HOLE. (SEE EXH. 1208-B.1); THEN, IN ANOTHER PART OF THE REPORTS, OFFICER HOOD CLAIMS LAY "THREW" THE FOOD TRAY AT HIM. (SEE EXH. 1208-B.2). THE TRUTH IS, NEITHER OF THOSE THINGS HAPPENED, THE PLAINTIFF PUSH THE TRAY BACK OUT TO OFFICER HOOD SAYING. "I DON'T WANT IT", AND HOOD TOOK THE TRAY AND SET IT ON THE FLOOR, WHERE IT SAT UNTIL THE OFFICERS CAME BACK THROUGH PICKING UP THE

FOOD TRAYS, AND THE TRAY STILL HAD THE FOOD THAT WAS SERVED, ON THE TRAY. THERE WAS NO KICKING OR THROWING, OFFICER HOOD IS LYING, AS EVIDENCED BY THE CONFLICTING ACCOUNTS, AND THE VIDEO SURVEILANCE. ADDITIONALLY, IF THE COURT WILL VIEW EXHIBIT 1208-B, 1 & 2, i.e., THE GRIEVANCE FORMS, A THOROUGH EXPLANATION OF THE EVENTS REVEALS A COMPLETE DENIAL OF DUE PROCESS AND A BIAS HEARING, WHERE THE PLAINTIFF IS THREATENED BY H-UNIT MGR. KIRBY, COMPELLING LAY TO SIGN A GUILTY PLEA.

THE CASE IS SIMPLE, O.S.P. PLAYS THE SAME SONG AND DANCE, THE ANCIENT SOUND OF THE TYRANT, CRIMINAL CHARGES TO STIFLE HIS ADVERSARY. A LIST OF THESE PAST CHARGES CAN BE FOUND IN *Lay V. O.D.O.C., CIV-17-1224-J,*

PG. 15

AT DOC. NO. 1. WHAT IS UNIQUE IN THIS CASE, IS THAT, THE AMERICAN CIVIL LIBERTIES UNION HAD THE OPPORTUNITY TO DO SOME GOOD, BUT THE ORGINIZATION CHOSE TO MAKE A DEAL WITH THE DEVIL. THE A.C.L.U. HAS IGNORED MORE THAN A DOZEN ATTEMPTS TO REACH THEIR ATTORNEYS BY WADE LAY, AND A DOZEN MORE FROM HIS FAMILY. THIS CIVIL RIGHTS ORGINIZATION DOES NOT SUPPORT EQUALITY, IT IS A POLITICAL BODY, AND THEIR ACTIONS FOLLOWED BY EXTREME NEGLECT REVEALS A MALICIOUS INTENT.

PLAINTIFF REQUEST HIS 7TH AMENDMENT RIGHT TO A JURY TRIAL. A $3,450,000.00 PUNITIVE DAMAGES IS PUT FORTH IN THIS CASE FOR CORRECTIVE PUNISHMENT.

RESPECTFULLY SUBMITTED

WADE LAY AT O.S.P.

P.O. BOX 97

06/09/2021   MCALESTER, OKLA. 74502

PC. 1

TO: CHIEF JUDGE
U.S. DIST. COURT, W.D./OK.:

I AM WRITING THIS LETTER, ASKING YOU TO LOOK AT EXHIBIT 1208-B.1 & 2. THEY ARE MISCONDUCT REPORTS WHERE THE SAME OFFICER HOOD TELLS TWO VERY DIFFERENT ACCOUNTS OF THE SAME INCIDENT.

IN EXH. 1208-B.1, THE OFFENSE REPORT, HOOD SAYS: "I/M LAY WADE 516263 **THREW A TRAY** AT AN OFFICER THROUGH THE FOOD PASSAGE WAY".

IN EXH. 1208-B.2, THE INCIDENT/STAFF REPORT, HOOD SAYS: "I/M LAY/WADE 516263 **KICKED HIS TRAY** THROUGH THE FOOD PASSAGE WAY ALMOST HITTING THIS RO".

IT IS OBVIOUS THE OFFICER IS BEING DISHONEST. YET O.S.P. DENIED DUE PROCESS, NO INVESTIGATION, AND AT THE HEARING THE H-UNIT MGR. SAID: EITHER YOU PLEAD GUILTY OR, THE WARDEN WILL CUT YOU OFF FROM YOUR FAMILY FOR 365 DAYS. IN OTHER WORDS I WOULD NEVER SEE MY FAMILY AGAIN.

THIS IS CRUEL AND UNUSUAL. WHAT WILL YOU DO? IF YOU IGNORE THIS BLATANT DISREGARD FOR LAW WHAT DOES THAT SAY ABOUT THE EMBEZZLEMENT OF TRUST FUND DOLLARS IN SEPT. OF 2018. IF THIS COURT WAS NO PART OF THAT, UPHOLD THE LAW! PLEASE! ACCEPT THIS 42 USC § 1983 CIVIL RIGHTS ACTION.

SINCERELY WADE LAY
516263

06/09/21

F.N.
*) SEE DOC. NOS 45-71, Lay V. O.D.O.C., CIV-17-1224-J.